

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

March 29, 2022

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Davis, et al. v. Banana Republic, LLC*, No. 21 Civ. 6160 (KAM)(VMS)

Dear Judge Matsumoto,

We represent Plaintiff Nicole Davis in the above-referenced matter against Defendant Banana Republic, LLC. We write in response to Defendant's pre-motion letter (ECF No. 15). Plaintiff worked as a Manual Worker for Defendant. Plaintiff brings her claims for untimely payment of wages pursuant to NYLL § 191 on behalf of herself and others similarly situated.

**I.    New York Courts Have Held That A Private Right of Action Exists**

Under the NYLL, an employer must pay manual workers on a weekly basis, "not later than seven calendar days after the end of the week in which the wages are earned . . ." NYLL § 191(1)(a); *see also Vega v. CM and Associates Construction Management, LLC*, 175 A.D. 3d 1144 (1st Dept. 2019) (NYLL § 191(1)(a) creates a private right for employee to recover for **untimely** wage payments); *Phillips v. Max Finkelstein, Inc.*, No. 2020-542 S C, 2021 WL 4075089, -- N.Y.S.3d--- (2d. Dept. Aug. 26, 2021) (Second Department appellate term finding that a private right of action exists to enforce rights established under NYLL § 191).

Whether manual workers have a private right of action to bring claims for untimely wages under NYLL § 191 is an issue solely of state law arising under the NYLL. There is no case law from the Court of Appeals on this issue of state law. As such, federal courts follow the rulings of the state appellate courts. *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)) ("rulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise"); *see also Mabe v. Wal-Mart Assocs., Inc.*, No. 20 Civ. 00591, 2021 WL 1062566, at *3 (N.D.N.Y. Mar. 18, 2021) ("*Mabe* Order I") ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts ... in the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise."). It is undisputed that *Vega* and *Max Finkelstein* are the only two New York Appellate decisions to weigh in on this issue.

Defendant still attempts to argue that there is no private right of action for violations of the NYLL § 191, despite the litany of post *Vega* decisions in the Second Circuit to the contrary. *See, e.g.*, *Mabe v. Wal-Mart Assocs., Inc.*, No. 20 Civ. 00591, 2021 WL 1062566, at *3 (N.D.N.Y. Mar. 18, 2021) ("*Mabe* Order II") ("the case authority directly addressing the issue [of whether NYLL

§191 provides a private right of action] is not unsettled"); *Carrera v. DT Hosp. Grp.*, No. 19 Civ 4235 (RA)(KHP), 2021 WL 6298656, at *10 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, No. 19 Civ. 4235 (RA)(KHP), 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021); *Sorto v. Diversified Maint. Syst., LLC,* No. 20 Civ. 1302 (JS)(SIL), 2020 WL 7693108, at *2 (E.D.N.Y. Dec. 28, 2020) ("the [c]ourt follows *Vega* and concludes that [] there is a private right of action for violations of Section 191"); *Quintanilla v. Kabco Pharmaceuticals*, No. 19 Civ. 6752 (PKC)(CLP), Doc. No. 18 (E.D.N.Y., Apr. 17, 2020) (declining to follow a previous decision to dismiss NYLL § 191 claims in light of the *Vega* decision); *Scott v. Whole Foods Market Group, Inc.*, No. 18 Civ. 86 (SJF)(AKT), ECF Doc. No. 58, (E.D.N.Y. Feb. 5, 2020) (affirming the courts' prior ruling to deny the defendant's motion to dismiss § 191 claims, and describing *Vega* as the "lone decision from an intermediate court [that] is factually analogous"); *Philips*, 2021 WL 4075089 ("the decision . . . in [*Vega*] is controlling on the issue of whether plaintiff stated a cause of action from damages pursuant to [NYLL] §§ 191 and 198 (1-a)"); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20 Civ. 1127 (RPK)(RLM), 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021) ("Since *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law"); see also *Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK)(SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("*Caul* Order I") (holding that § 191 provides a private right of action to enforce the late payment of full wages), motion to certify appeal denied, 2021 WL 6805889 (E.D.N.Y. Dec. 22, 2021) ("*Caul* Order II"); *Duverny v. Hercules Medical P.C.*, No. 18 Civ. 07652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020); *Beh v. Cmty. Care Companions Inc.*, No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021), report and recommendation adopted, No. 19 Civ. 1417 (JLS) (HBS), 2021 WL 3914320 (W.D.N.Y. June 23, 2021).

Defendant's arguments are solely based on decisions prior to *Vega*. For example, prior to *Vega*, in *Hussain v. Pakistan Int'l Airlines*, the court equated a failure to pay timely wages with an internal recordkeeping violation. No. 11 Civ. 932 (ERK)(VVP), 2012 WL 5289541, at *3 (E.D.N.Y. Oct. 23, 2012). However, this clearly ignores the legislative intent of NYLL § 191(1)(a) whereby hourly manual workers must be paid within seven days of the end of their workweek. Failure to comply with the statute results in direct harm to a manual worker. See *Vega*, 175 A.D. 3d at 1145. We consider the *Arciello v. Cnty of Nassau*[1] decision as prior to *Vega* as it was published ten days after *Vega*, the last brief filed on the motion to dismiss was filed before the *Vega* decision, and no supplemental authority was provided to the Court. See No. 16 Civ. 03974 (JMA)(SIL) (E.D.N.Y.) (ECF Nos. 227, 235); see also *Caul* Order I at *3 (noting that *Arciello* did not address *Vega* and relied only on pre-*Vega* cases).

II.    **Plaintiff Has Standing To Assert A Claim Under NYLL § 191**

The late payment of wages is a concrete harm sufficient to confer standing on the plaintiff seeking relief under NYLL § 191. See *Caul* Order I at *4. Judge Kovner in the Eastern District of New York recently held that "temporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing." *Caul* Order I (citing *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019)).

---

[1] The Court in *Arciello* held that the defendant was exempt from the NYLL § 191 claim as the defendant was a government agency. 2019 WL 4575145 (E.D.N.Y. Sept. 20, 2019).

It is not only clear that delay in payment constitutes a concrete harm, but that violations of NYLL § 191(1)(a) constitute underpayments for which there can be no question of injury. *Caul* Order I at *4. Defendant's arguments are based solely decisions outside the realm of *Vega* and the NYLL § 191. Notably, Defendant ignores the decisions in *Caul* all together. Moreover, Defendant fails to address that multiple courts have found that mere delay in payment constitutes concrete injury. *See e.g.*, *Andrews v. Rite Aid Corp.*, No. 20 Civ. 4521 (VSB)(OTW) (S.D.N.Y. Mar. 11, 2021) (oral argument transcript attached as **Exhibit A**) (citing *Rogers v. City of Troy*, 148 F. 3d 52, 57 (2d Cir. 1998) (finding a delay in payment amounting to $2.96 satisfied Article III standing).

Plaintiff's Complaint alleges a monetary harm due to Defendant's violation of NYLL § 191. *See, e.g.*, Comp. ¶¶ 3, 31-33. Consequently, Plaintiff has sufficiently alleged concrete injury resulting from Defendant's violations of the NYLL § 191, and thus, have standing under Article III. Should the Court disagree, Plaintiff requests the Court allow her amended complaint (ECF 7, 14)[2] to proceed to further clarify the concrete harm suffered by Plaintiff. *See* ECF 7,14 at ¶¶ 3-6, 33-37; *Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022).

### III. The Court Should Deny Defendant's Request for a Stay

Defendant is not entitled to a stay. Defendant has not made any "strong" showing that it is likely to succeed on its arguments outlined in its letter (ECF 15), and thus a stay of discovery should be denied. *See, e.g.*, *Elhassa*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (denying the defendant's motion to stay discovery as the plaintiff's NYLL § 191 claims did not present substantial grounds for dismissal in light of the decisions in *Vega* and *Caul*). Further, Defendant does not argue they will suffer any irreparable injury absent a stay. It is well established that "litigation costs do not rise to the level of irreparable injury" *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 WHP, 2013 WL 5405696, at *4 (S.D.N.Y. Sept. 17, 2013); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974). Conversely, Plaintiff will suffer harm if a stay is issued. In this regard, the underpaid employees worked for Defendant for as long as over six years ago. A potentially extended stay will delay any relief that is coming to Defendant's employees.

Thus, the Court should allow for Plaintiff's claims to proceed. We thank the Court for its time and attention.

Respectfully submitted,

/s/*Brian S. Schaffer*
Brian S. Schaffer

CC: Counsel of Record (via ECF)

---

[2] Plaintiff filed the identical Amended Complaint on March 4, 2022, prior to Defendant's pre-motion letter, and again on March 8, 2022, following the filing of Defendant's pre-motion letter. ECF 7, 13.