UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

Nicole Davis,

                  *Plaintiff*,

     -against-

Banana Republic LLC,

                  *Defendant*.

---------------------------------------X

                             <u>**MEMORANDUM AND ORDER**</u>

                             21-CV-6160(KAM)(VMS)

**KIYO A. MATSUMOTO, United States District Judge:**

     Plaintiff Nicole Davis ("Plaintiff") initiated the instant action on behalf of herself and other similarly situated hourly manual employees of Defendant Banana Republic LLC ("Defendant"), alleging violations of New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*. (ECF No. 13, Second Amended Complaint ("SAC").)[1]

     Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

---

[1] Plaintiff filed the original complaint on November 4, 2021. (ECF No. 1, Complaint.) On March 4, 2022, Plaintiff filed an amended complaint. (ECF No. 7, Amended Complaint.) On March 8, 2022, Plaintiff filed a second amended complaint. (ECF No. 13, SAC.) In a pre motion conference held on April 5, 2022 to discuss Defendant's anticipated motion to dismiss, the Court deemed the amended complaint filed on March 4, 2023, to be the operative complaint and noted that the SAC, filed on March 8, 2022, was identical to the amended complaint. (04/05/2022 Minute Entry.) In Defendant's memorandum of law submitted in support of its motion to dismiss, however, Defendant moved to dismiss the SAC filed on March 8, 2022. (ECF No. 21, Defendant Memorandum in Support of Motion to Dismiss, at 1.) The R&R, Defendant's objections, and Plaintiff's response to the objections all address the SAC filed on March 8, 2021. (ECF Nos. 35 at 1; 36 at 2-3; 40 at 20.) Accordingly, as no party has objected and as the Court previously determined that the amended complaint and SAC are identical, the Court deems the SAC to be the operative complaint in this action.

(*See* ECF No. 20, Motion to Dismiss.)  On July 31, 2023, Magistrate Judge Vera M. Scanlon issued a Report and Recommendation ("R&R") recommending that this Court deny Defendant's motion.  (ECF No. 35, R&R.)  Defendant timely filed objections, to which Plaintiff timely responded.  (ECF No. 36, Defendant Objections ("Def. Objs.); ECF No. 40, Plaintiff Objections Response ("Pl. Objs. Resp.").)

For the reasons set forth below, the Court **OVERRULES** Defendant's objections, **ADOPTS** Magistrate Judge Scanlon's thorough and well-reasoned R&R, **DENIES** Defendant's motion to dismiss, and **ORDERS** that Defendant answer the SAC within fifteen days of the entry of this Memorandum and Order.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history recounted in the R&R.  (R&R at 2-3.)  The Court has reviewed the facts *de novo*, which were not objected to, and adopts the facts and procedural history as accurately stated in the R&R.

The subsequent procedural history is as follows.

### a. Magistrate Judge Scanlon's R&R

On July 31, 2023, Magistrate Judge Scanlon issued an R&R recommending that this Court deny Defendant's motion to dismiss. (ECF No. 35, R&R at 1.)  Magistrate Judge Scanlon first found that Plaintiff, a manual worker who was paid an hourly rate, plausibly alleged a concrete harm for purposes of standing: that Defendant

2

underpaid her by paying her biweekly rather than weekly.  (ECF No. 35, R&R, at 15.)  Magistrate Judge Scanlon noted that Defendant's alleged biweekly payment "depriv[ed] [Plaintiff] of the time value of her money," which courts have found sufficiently establishes a concrete injury-in-fact.  (*Id.*)

Second, Magistrate Judge Scanlon found that NYLL § 191 provides a express private right of action for claims for untimely wages because (1) whether there is a private right of action is a question of state law; (2) without a New York Court of Appeals decision on point, federal courts must follow intermediate appellate law "unless there is persuasive evidence that the state's highest court would reach a different conclusion"; and (3) federal courts addressing the issue "have uniformly adopted" the New York Appellate Division First Department's decision in *Vega v. CM & Assocs. Constr. Mgmt., LLC,* 107 N.Y.S.3d 286, 288 (1st Dep't 2019) that NYLL § 191 provides a express private right of action.  (ECF No. 35, R&R at 11, 14, 18 (citations omitted).)

Finally, Magistrate Judge Scanlon recommended that the Court deny Defendant's argument "that the New York Commissioner of Labor authorized Banana Republic to pay its employees biweekly, thus exempting it from § 191(a)'s pay frequency requirement," as the argument was newly raised in Defendant's reply papers and, in any event, was not shown to be applicable to Defendant.  (*Id.* at 21-22.)  Magistrate Judge Scanlon also recommended that the Court

3

decline to take judicial notice of Defendant's exhibits submitted in support of this argument, as agency records obtained via FOIA or state-law mechanisms are not the type of "readily available" public records for which judicial notice is intended. (*Id.*)

**b. Defendant's Objections**

Defendant objected to all three recommendations in the R&R. (ECF No. 36, Def. Objs.)  First, Defendant objects that the R&R erroneously concluded that this Court should follow *Vega*'s holding that there is a private right of action under NYLL § 191. (*Id.* at 11.)  Defendant contends that this Court is required instead to predict how the New York Court of Appeals would rule on the issue and should not follow Appellate Division decisions when there is "persuasive data" that the New York Court of Appeals might rule differently, which Defendant asserts exists here. (*Id.* at 4-5 (citing *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 133 (2d Cir. 2007)).)  Defendant argues that "persuasive data" includes the following: (1) *Vega* is inconsistent with the New York Court of Appeal's decision in *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38, 41 (2022); (2) *Vega* is conclusory and "poorly reasoned"; (3) *Vega* deviates from the NYLL's plain language, legislative history, and "statutory scheme"; (4) *Vega* contravenes administrative enforcement mechanisms for NYLL; and (5) *Vega* does not "promote legislative intent" and "produces absurd results." (*Id.* at 1-2, 4-23.)

4

Second, Defendant objects that the R&R incorrectly found that Plaintiff had a concrete harm sufficient to create standing. (*Id.* at 30.) Defendant contends that Plaintiff's injury is hypothetical, which cannot establish standing. (*Id.*)

Finally, Defendant objects to the R&R's recommendation that this Court not take judicial notice of the exhibits provided by Defendant, which Defendant asserts includes an "exemption" from the New York Commissioner of Labor to allow Defendant to "pay its employees . . . on a semi-monthly basis." (*Id.* at 25.)

### c. Plaintiff's Response

In response, Plaintiff argues that this Court should review Defendant's objections for clear error, rather than *de novo*, as Defendant reiterated its arguments from its motion to dismiss. (ECF No. 38, Pl. Objs. Resp. at 2-3.) Plaintiff, however, also asserts that Defendant makes a new argument in its objections that was not raised before the magistrate judge. (*Id.* at 3.)

Regarding the merits of Defendant's objections, Plaintiff first counters that federal courts are obligated to follow state law appellate decisions absent persuasive evidence that a state's highest court would reach different decisions. (*Id.* at 3-4.) Plaintiff asserts that, as of August 2023, all district courts to consider the issue — at least 13 — have concluded that *Vega* applies, or that there is not persuasive data that the New York Court of Appeals would hold otherwise, including all courts to

address this issue post-*Konkur*.  (*Id.* at 4-5.)  Further, Plaintiff contends that *Vega* was well-reasoned, does not distort the meaning of NYLL § 191, is consistent with legislative history and intent, and does not violate NYLL's statutory scheme.  (*Id.* at 12-19.)

Additionally, Plaintiff asserts that she has standing, as courts — including the United States Supreme Court — have found that a delay in payment constitutes a concrete injury.  (*Id.* at 20.)

Finally, Plaintiff contends that Magistrate Judge Scanlon properly did not consider Defendant's exhibit, submitted in its reply papers, as Defendant's exhibit was not a public record, was being submitted for its truth, was not integral to the complaint, and did not relate to Defendant.  (*Id.* at 22-24.)

## LEGAL STANDARD

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the Court conducts a *de novo* review of "those portions of the report . . . to which objection is made."  *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).  "Where no objection to a [R&R] has been timely made, the district court 'need only satisfy itself that there is no clear error on the face of the record.'"  *Minto v. Molloy Coll.*, Nos. 16-cv-276(KAM), 16-cv-278(KAM), 16-cv-279(KAM), 2021 WL

804386, at *1 (E.D.N.Y. Mar. 3, 2021) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)). "Moreover, where the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation strictly for clear error." *Id.* (internal quotation marks and citations omitted).

In analyzing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), courts must determine whether the plaintiff's complaint "contain[s] sufficient plausible allegations" to invoke the court's subject matter jurisdiction over the case or controversy. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). Article III of "the United States Constitution restricts federal courts to deciding 'Cases' and 'Controversies' and thus imposes what the Supreme Court has described as the 'irreducible constitutional minimum of standing,'" which requires a plaintiff to show an "injury-in-fact, causation, and redressibility." *Baur v. Veneman*, 352 F.3d 625, 631–32 (2d Cir. 2003) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "To qualify as a constitutionally sufficient injury-in-fact, the asserted injury must be 'concrete and particularized' as well as 'actual or imminent, not conjectural or hypothetical.'" *Id.*

In applying Rule 12(b)(1), this Court "'must take all facts alleged in the complaint as true and draw all reasonable inferences

7

in favor of plaintiff' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) and *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).

In addition, under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[a] pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). The Court is limited to the "facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference" or "matters of which judicial notice may be taken." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

## DISCUSSION

I.   **Standing**

The Court will first consider Defendant's motion to dismiss for lack of standing pursuant to Rule 12(b)(1) "[b]ecause standing is a jurisdictional matter." *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 274 (E.D.N.Y. 2021).   Upon *de novo* review,[2] the Court agrees with and adopts Magistrate Judge Scanlon's well-reasoned recommendation that Plaintiff has pleaded a concrete injury sufficient to establish Article III standing.

In the SAC, Plaintiff alleges that Defendant underpaid her by paying her biweekly, rather than weekly, in violation of NYLL § 191.   (ECF No. 13, SAC at ¶¶ 32-35.)   Plaintiff alleges that this underpayment "denied [her] the time-value of her money" and that she was "unable to invest, save, or purchase utilizing the wages she earned and was owed."   (*Id.* at ¶ 35.)   Multiple courts have found that the deprivation of the time-value of money suffices, at the pleading stage, to establish a concrete injury for purposes of standing.   *See, e.g., Georgiou v. Harmon Stores, Inc.*, No. 2:22-CV-02861 (BMC), 2023 WL 112805, at *2 (E.D.N.Y. Jan. 5, 2023) ("Not having money you're supposed to have means that the time value of money has decreased.   That is sufficient to establish an actual

---

[2] Plaintiff asserts that Defendant's standing arguments "merely summarize and reiterate its arguments in its motion to dismiss" and thus this Court should review the R&R for clear error, rather than *de novo*.   (ECF No. 38, Pl. Objs. Resp. at 3.)   As the Court finds that Plaintiff establishes standing under the more stringent *de novo* standard of review, the Court declines to review for clear error.

and concrete injury."); *Caul v. Petco Animal Supplies, Inc.*, No. 20-cv-3534, c, at *4 (E.D.N.Y. Sept. 27, 2021) ("[T]he late payment of wages is a concrete harm."); *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424 (S.D.N.Y. 2019) ("[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."); *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 329 (E.D.N.Y. 2022) ("[P]lausibly pleading the loss of the time value of money . . . satisfies Article III standing requirements.").

Defendant objects that Plaintiff has only alleged a statutory violation, which the Supreme Court has stated is not sufficient to establish Article III Standing.  (*Id.* (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).)  Defendant contends that under *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021), Plaintiff was required to allege both the statutory violation — here, facts describing a delayed wage payment in violation of NYLL § 191 — and a separate, resulting harm.  (ECF No. 36, Def. Objs. at 23-24); *Maddox*, 19 F.4th at 64 ("Long-delayed filings can result in the borrower having to pay a duplicative filing fee . . . [t]he Maddoxes did not allege such harms, however, or allege that they were at risk for such harms.").  Defendant argues that Plaintiff's resulting injury is only hypothetical, and that she "fails to include any specific facts regarding what she

may (or may not) have done with her money had [Defendant] paid her on a weekly basis."  (ECF No. 36, Defs. Objs. at 23.)

This Court disagrees with Defendant's assertion that Plaintiff has alleged only a hypothetical injury.  In *TransUnion*, the Supreme Court stated that whether a harm is "concrete" for purposes of Article III depends on "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." 141 S.Ct. 2190, 2204 (2021).  The Supreme Court noted that "certain harms readily qualify as concrete injuries," including "monetary harms."  *Id.*

Here, Plaintiff alleged such a monetary harm: because she was paid bi-weekly rather than weekly, she was "denied the time-value of her money" and was "unable to invest, save, or purchase utilizing the wages she earned and was owed."  (ECF No. 13, SAC, at ¶ 35.).  This alleges a concrete monetary injury.  *See Harris v. Old Navy, LLC*, No. 21-CV-9946(GHW)(GWG), 2022 WL 16941712, at *4 (S.D.N.Y. Nov. 15, 2022), *report and recommendation adopted*, 2023 WL 2139688 (S.D.N.Y. Feb. 20, 2023) ("Harris has alleged that she was harmed because . . . the delay in payment deprived her of the ability to invest, save, or spend [her] money . . . [t]his allegation distinguishes this matter from cases where a plaintiff failed to plead any injury at all from delayed payment.").  Indeed, the injury cannot be hypothetical because it already happened:

11

"the loss of the time value of the money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized." *Levy*, 638 F. Supp. 3d at 329.  Therefore, unlike in *Maddox*, Plaintiff sufficiently alleged facts to establish a concrete harm *beyond* the statutory violation.

Further, at this stage in the proceedings, Plaintiff need not allege more specific facts regarding what she would have done with the money had she been paid weekly, as Defendant argues.  (ECF No. 36, Defs. Objs. at 24.)  The delay in receiving funds "necessarily means that plaintiff[] [was] forced to receive money that, as compared with when [she] should have received it, was, when [she] did receive it, worth less," and she specifically articulates that she was injured by a subsequent inability to invest or save that money.  *Levy*, 638 F. Supp. 3d at 330; *see also Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *7 (S.D.N.Y. Aug. 10, 2022) ("This Court does not read *TransUnion* or any other binding precedent to require a plaintiff to specify how he intended to take advantage of the time value of his wages if they had not been improperly withheld for a period of time.").  More detailed pleading regarding specific financial strategies or investment practices "would impose a pleading standard far higher than anything articulated by the Supreme Court or Second Circuit." *Jones v. Nike Retail Servs.*, No. 22-cv-3343 (PKC), 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30,

2022).  Plaintiff's allegations therefore sufficiently establish that she suffered a concrete injury based on the time-value of money.

Accordingly, the Court agrees with and adopts Magistrate Judge's Scanlon's recommendation that Plaintiff sufficiently pleaded Article III standing and denies Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

## II.  Private Right of Action under NYLL § 191

Upon *de novo* review, the Court agrees with and adopts Magistrate Judge Scanlon's thorough and well-reasoned recommendation that NYLL § 191 provides an express private right of action to enforce the late payment of wages, as the First Department found in *Vega*.

Section 191(1)(a) states that "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned" unless the Commissioner of the New York Department of Labor has "authorized" an employer to pay the worker less frequently.  N.Y. Lab. L. § 191(1)(a). Additionally, Section 198(1-a) of the New York Labor Law permits an "employee to recover the full amount of any underpayment" of wages.  *Id.* § 198(1-a).  Whether NYLL § 191 includes an express private right of action is a question of state law.

"When deciding a question of state law," a federal court "look[s] to the state's decisional law, as well as to its

constitution and statutes." *Chufen Chen v. Dunkin' Brands, Inc.,* 954 F.3d 492, 497 (2d Cir. 2020) (citation omitted). "Absent a clear directive from a state's highest court, a federal court must 'predict how the state's highest court would resolve the uncertainty or ambiguity.'" *Caul*, 2021 WL 4407856, at *2 (quoting *Chufen Chen*, 954 F.3d at 499). In doing so, the Court "is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010); *see also DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) ("Although we are not strictly bound by state intermediate appellate courts, rulings from such courts are a basis for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." (internal quotation marks and citation omitted)).

As of the date of this Memorandum and Order, there is no New York Court of Appeals decision regarding a private right of action under NYLL § 191. The only Appellate Division decision on the issue is *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 107 N.Y.S.3d 286 (1st Dep't 2019). In *Vega*, the First Department held that "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191" and that to conclude otherwise requires the "erroneous assertion that the late payment of wages

is not an underpayment of wages." *Id.* at 288.  The First Department in *Vega* also held that NYLL § 191 provides an implied right of action for hourly manual workers, as the plaintiff was "one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme."  *Id.* at 288-89.

This Court is bound to apply New York Appellate Division law unless there is "persuasive evidence" that the New York Court of Appeals "would reach a different conclusion." *Muhammad*, 595 F.3d at 432.  The Court does not find that such persuasive evidence exists.  First, there is no authority to suggest that the New York Court of Appeals would decide the issue contrary to *Vega*.  As noted by Magistrate Judge Scanlon, there are no post-*Vega* published Appellate Division decisions that disagree with or reject *Vega*, and every federal court in the Second Circuit to address the issue has applied *Vega*'s holding of an express private right of action under §§ 191 and 198(1-a).  *See Georgiou*, 2023 WL 112805, at *6 (concluding that the court would "follow *Vega* to hold that plaintiff has a[n] [express] private right of action under §§ 191 and 198(1-a), at least pending further instruction from the New York State courts"); *see also Rankine v. Levi Strauss & Co.*, No. 1:22-CV-03362 (LTS), 2023 WL 3582323, at *5 (S.D.N.Y. May 22, 2023); *Levy,* 2022 WL 16645829, at *5; *Harris*, 2023 WL 2139688, at

15

*9; *Rath v. Jo-Ann Stores, LLC*, No. 21-cv-791S, 2022 WL 17324842, at *9 (W.D.N.Y. Nov. 29, 2022); *Caul,* 2021 WL 4407856, at *3; *Petrosino v. Fastenal Co.*, No. 1:22-CV-705 (MAD) (DJS), 2023 WL 3496362, at *5-6 (N.D.N.Y. May 17, 2023); *Freeland v. Findlay's Tall Timbers Distr. Ctr., LLC*, No. 22-CV-6415 (FPG) (RLM), 2023 WL 4457911, at *8-12 (W.D.N.Y. July 11, 2023); *Rodrigue v. Lowe's Home Centers, LLC*, No. 20-CV-1127 (RPK), 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021); *Duverny v. Hercules Med. P.C.*, No. 18cv7652 (DLC), 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020); *Sorto v. Diversified Maintenance Sys., LLC*, No. 20-CV-1302(JS)(SIL), 2020 WL 7693108, at *3 (E.D.N.Y. Dec. 28, 2020); *Jones*, No. CV 22-3343 (PKC), 2022 WL 4007056, at *1.  In the short period of time since Magistrate Judge Scanlon issued the R&R, three additional opinions have been published in the Second Circuit concerning the availability of a private right of action under NYLL § 191, all of which also follow *Vega*.  *Pozo v. BlueMercury, Inc.*, No. 22-CV-7382 (VEC), 2023 WL 4980217, at *5 (S.D.N.Y. Aug. 3, 2023); *Birthwright v. Advance Stores Co., Inc.*, No-22-cv-0593 (GRB)(ST), 2023 WL 5718633, at *3 (E.D.N.Y. Sept. 5, 2023); *Ramos et al. v. Apple Inc.*, No. 7:22-CV-02761 (NSR), 2023 WL 5803739, at *2 (S.D.N.Y. Sept. 6, 2023).

Defendant asserts that the New York Court of Appeals' decision in *Konkur* undermines *Vega*'s conclusion.  In *Konkur*, the New York Court of Appeals held that a different section of the NYLL, § 198-

b, did not create an implied private right of action. 38 N.Y.3d at 44. Nothing in *Konkur*, however, explicitly addresses *Vega*, nor does the decision inform whether the NYLL provides an express private right of action for violations of § 191, through § 198(1-a). *Id.* If anything, as Plaintiff asserts in her response to Defendant's objections, *Konkur* may be read to suggest that NYLL § 191 contains the *only* express private right of action under the statute. *See* 38 N.Y.3d at 49 n. 2 (dissent arguing that the majority opinion "attempts to narrow the scope of protections afforded to employees . . . by suggesting that section 191 contains the entirety of privately cognizable claims.").

Multiple courts within the Second Circuit have recognized that *Konkur* does not constitute "persuasive evidence" that the New York Court of Appeals would reject *Vega*'s reasoning, as *Konkur* "considered a different section" of New York Labor Law than *Vega*. *Rath v. Jo-Ann Stores, LLC*, 2022 WL 17324842, at *7; *see also Ramos*, 2023 WL 5803739, at *2 ("The *Konkur* Court . . . did not address the *Vega* decision or its central question . . . .."); *Rankine*, 2023 WL 3582323, at *5 ("[E]ven if the [New York] Court of Appeals were to agree with *Konkur* that an express private right of action is required [rather than an implied one], *Vega*'s conclusion that a late payment claim meets the express statutory underpayment claim elements could survive."). Defendant argues that those decisions are not binding on this Court, and objects

17

that the R&R "overlooks" that some of those decisions "expressed
skepticism as to *Vega*'s accuracy."  (ECF No. 36, Def. Objs. at 7.)
Though Defendant is correct that the decisions of other district
courts within this Circuit are not binding on this Court, it is
revealing that not *one* court has found *Konkur* to present sufficient
"persuasive evidence" to depart from *Vega*.  Even in *Georgiou* — a
decision that Defendant identifies as expressing particular
skepticism about *Vega*'s applicability, post-*Konkour* — the court
ultimately found that "[d]espite . . . doubts about the viability
of *Vega* in light of *Konkur*, *Konkur* does not rise to the level of
'persuasive evidence' that the Court of Appeals would reject *Vega*,"
because *Konkur* "addressed an implied cause of action for a
different and unrelated provision of the NYLL."  2023 WL 112805,
at *6.

Defendant also objects that *Vega* was poorly reasoned and
contradicts the NYLL's language, legislative history, statutory
scheme, and administrative enforcement mechanisms.  (ECF No. 36,
Def. Objs. at 4-23.)  Defendant's arguments, or similar ones, have
been rejected as sufficient to establish "persuasive evidence" by
the district court decisions applying *Vega* within this Circuit.
*See, e.g.*, *Ramos*, 2023 WL 5803739, at *2 (finding not persuasive
evidence "Defendants' arguments regarding legislative history,
enforcement mechanisms, or constitutional avoidance, all of which

have been roundly rejected post-*Vega* by our fellow courts in this District.").

Regarding Defendant's claim that *Vega* was poorly reasoned and conclusory, Defendants assert that courts in this Circuit "have expressed some doubt as to whether *Vega* is correctly decided." (ECF No. 36, Def. Objs. at 8 (discussing *Harris*, 2022 WL 16941712, at *6).)  Even if this Court agreed with those doubts, it does not suffice as "persuasive evidence" to reject *Vega*.  Courts within this Circuit have all consistently applied *Vega*, recognizing that district courts "do not address this issue in a vacuum" and that state law rulings are not lightly disregarded.  *Harris*, 2022 WL 16941712, at *7 ("While we would likely not reach this conclusion ourselves if the issue were presented afresh . . . we feel bound to follow *Vega*'s holding.").  Indeed, in *Harris*, upon which Defendant relies to argue that *Vega* is confusing and poorly reasoned, the quotation cited by Defendant comes from a portion of the R&R in *Harris* that the district court explicitly did not adopt. *See Harris*, 2023 WL 2139688, at *2 ("The R&R contains dicta questioning whether *Vega* was rightly decided . . . [t]he Court need not join in that dicta to adopt the R&R's recommendation . . . and so it does not do so.").

Defendant also relies on *Gutierrez v. Bactolac Pharm, Inc.* 177 N.Y.S.3d 704 (2d Dep't 2022), to assert that this Court should decline *Vega*'s "tortured reasoning."  (ECF No. 36, Def. Objs. at

10-11.)  Defendant argues that because the Second Department found in *Gutierrez* that NYLL § 191 applies to the "frequency of pay and not unpaid wages," the decision conflicts with *Vega*.  (*Id.* (citing 177 N.Y.S.3d at 705).)  Yet, as Plaintiff counters in her response to Defendant's objections, the Second Department in *Gutierrez* affirmed the dismissal of a claim under § 191 because, as the New York Supreme Court stated in its original order, the plaintiff "[was] not alleging that wages were not paid timely but rather that plaintiffs did not receive the amount of wages required to be paid."  (ECF No. 40-3, Exhibit B, at 3.)  Therefore, Defendant incorrectly asserts that *Gutierrez* conflicts with *Vega*, as the plaintiff in *Vega* sought wages that were not timely paid.

Defendant argues at great length that *Vega* contradicts the plain language, legislative history, statutory scheme, and administrative enforcement mechanisms of New York Labor Law.  This Court agrees with Magistrate Judge Scanlon that "the *Vega* Court's textual analysis of NYLL §§ 191 and 198(1-a) . . . [is] a reasonable interpretation of the statutes."  (ECF No. 35, R&R at 18.)  In *Vega*, the First Department determined that (1) "the plain language of [§ 198] indicates that individuals may bring suit for any 'wage claim' against an employer"; (2) the "remedies provided by [§ 198(1-a)]" apply to Article 6 of New York Labor Law; and (3) "[§ 191] is a part of [A]rticle 6."  107 N.Y.S.3d at 287-88.  Even if there are other interpretations of how §§ 191 and 198 (1-a)

function in New York Labor Law's statutory scheme, this Court finds that *Vega*'s analysis was not unreasonable, and agrees with Magistrate Judge Scanlon that Defendant's arguments concerning textual analysis and legislative history do not "overcome the weight that a federal court must give to state intermediate courts." (ECF No. 35, R&R at 19.) The Court does not find that any of Defendant's remaining arguments rise to the level of "persuasive evidence" that the New York Court of Appeals would disagree with *Vega*'s holding regarding the express private right of action under NYLL § 191.

Accordingly, the Court denies Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim.

### III. Alleged Exemption from NYLL § 191

Upon *de novo* review, the Court agrees with and adopts Magistrate Judge Scanlon's recommendation that this Court not take judicial notice of the exhibit submitted by Defendant in its reply papers, allegedly a letter from the New York Commissioner of Labor establishing that Defendant received an exemption regarding NYLL § 191.

Even assuming that the Court would review an argument raised for the first time in reply papers, the Court declines to consider the letter here. First, the letter is not incorporated by reference nor integral to the complaint; the complaint does not refer to the letter, nor otherwise "rel[y] heavily upon its terms

and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).  Courts have found that an exhibit is not integral to a complaint where the plaintiff was not aware of the exhibit, as Plaintiff asserts here.  (ECF No. 40, Pl. Objs. Resp. at 23); *Rodrigue*, 2021 WL 3848268, at *3.

The Court also declines to take judicial notice of the letter.  Courts "may judicially notice a fact that is not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201; *see also Sanders v. Sanders*, No. 22-99, 2022 WL 16984681, at *1 (2d Cir. Nov. 17, 2022) (quoting Fed. R. Evid. 201).  Even if the Court agreed that documents accessible only via New York's Freedom of Information law ("FOIL") are "public records" for the purposes of judicial notice, the Court may "not take judicial notice of the documents for the truth of the matters asserted in them."  *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424 (2d Cir. 2008) (internal quotation mark and citation omitted); *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (holding that the district court should have taken judicial notice of a document "in order to determine *what* statements [it] contained . . . *not for the truth of the matters asserted* therein" (internal quotation marks omitted)).  Here, Defendant requests that the Court take judicial notice of

the letter from the Commissioner of Labor to find, as asserted by the letter, that the specified entity, the Gap, had an exemption from NYLL § 191.  There is no evidence that this belated letter is in effect and applies to Defendant, as Magistrate Judge Scanlon correctly noted.  As taking judicial notice of the letter would involve reviewing the letter for the truth of the matter asserted within, the Court declines take judicial notice of the letter.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Defendant's objections, ADOPTS Magistrate Judge Scanlon's thorough and well-reasoned R&R, and DENIES Defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) motion to dismiss for failure to state a claim.

**SO ORDERED**

Dated:      September 14, 2023
            Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York